

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| MIRANDA NICHOLE FOURNIER | § | |
| VS. | § | CIVIL ACTION NO. 4:15cv590 |
| | | CRIM. NO. 4:12CR00276-004 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Miranda Nichole Fournier, an inmate confined at F.C.I. Aliceville, brings this motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. The motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the motion.

Background

On May 31, 2013, Movant entered a plea of guilty pursuant to a written plea agreement to the offense of conspiracy to manufacture, distribute, or possess with intent to manufacture or distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B). On August 21, 2014, she was sentenced to 151 months of imprisonment. The judgment was entered on September 19, 2014. Movant did not appeal the conviction.

The present motion was filed on August 25, 2015. Movant argues that she is entitled to relief for the following reasons:

1. Ineffective assistance of counsel (3 claims); and

2. Trial court violated Movant's right to due process by adopting the PSI.

The Government filed a response (docket entry #6) on November 20, 2015. Movant did not file a reply.

Discussion and Analysis

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). The movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). The role of § 2255 has been defined by the Fifth Circuit as follows:

> Section 2255 provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack.

*United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

The plea agreement signed by Movant includes the following provision:

> 11. **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE:** Except as otherwise provided herein, the defendant expressly waives the right to appeal the conviction, sentence, fine and/or order of restitution or forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine and/or order of restitution or forfeiture in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum, and (b) a claim of ineffective assistance of counsel that affects the validity of the waiver or plea itself.

The Fifth Circuit upheld the informed and voluntary waiver of post-conviction relief in *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995), the Fifth Circuit observed that it had approved the use of waivers but added that it was inappropriate to enforce a waiver of appeal "tainted by ineffective assistance of counsel." In *United States v. White*, 307 F.3d 336 (5th Cir. 2002), the Fifth Circuit held that an ineffective assistance of

counsel claim raised in a § 2255 proceeding survives a waiver only when the claimed assistance directly affects the validity of that waiver or the plea itself. The Fifth Circuit subsequently noted that it has upheld § 2255 waivers except for when there is an ineffective assistance of counsel claim that affects the validity of that waiver or the plea itself or when the sentence exceeds the statutory maximum. *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004). More recently, the Fifth Circuit recently observed that "the better practice is to ask expressly if the defendant read and understood the plea agreement." *United States v. Narvaez*, 452 F. App. 488, 492 (5th Cir. 2011).

In the present case, the maximum sentence was forty years of imprisonment. Movant's sentence of 151 months of imprisonment did not exceed the maximum of forty years. The waiver should be upheld to the extent that the sentence did not exceed the statutory maximum.

Movant argues, however, that she is entitled to relief due to ineffective assistance of counsel. Ineffective assistance of counsel claims are governed by the Supreme Court's standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* provides a two-pronged standard, and the petitioner bears the burden of proving both prongs. *Id.* at 687. Under the first prong, the petitioner must show that counsel's performance was deficient. *Id.* To establish deficient performance, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Id.* at 688. The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* at 690. Under the second prong, the petitioner must show that his attorney's deficient performance resulted in prejudice. *Id.* at 687. To satisfy the prejudice prong, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine

confidence in the outcome." *Id.* at 694. An ineffective assistance of counsel claim fails if a petitioner cannot satisfy either the deficient performance or prejudice prong; a court need not evaluate both if he makes an insufficient showing as to either. *Id.* at 697.

In her first ineffective assistance of counsel claim, Movant alleges that her attorney told her that she would receive a reduction in her offense level for substantial assistance, but "the committee" concluded that she had not earned a reduction pursuant to U. S. Sentencing Guidelines § 5K1.1. In support of the claim, she submitted a letter from her attorney, dated September 24, 2013, indicating that Jay Combs, the prosecutor in the case, had verified she "had already earned a 5(k)(1) worth one third off [her] sentence."

The record reveals that Movant pled guilty on May 31, 2013. She stipulated in the plea agreement and at the change of plea hearing that there were no promises made to her, other than those in the plea agreement, to induce her to enter a plea of guilty. Plea Agreement ¶ 10; PH Tr. 12-13. There is no evidence in the record that she was promised a reduction in her offense level for substantial assistance before she pled guilty. The letter from her attorney was sent to her four months later on September 24, 2013. In addition to his statement in the preceding paragraph, counsel noted that Mr. Combs and agents were going to the jail to see her if she was "interested in a further reduction. Please visit with them and let them know if you can cooperate or not."

The issue of whether Movant was entitled to a reduction based on substantial assistance was fully developed during the sentencing hearing conducted on August 21, 2014. At the beginning of the hearing, the court observed that the sentencing guidelines provided a range of 188 to 235 months of imprisonment. SH Tr. 2. Mr. Combs then raised the issue of a reduction based on substantial assistance as follows:

> I was gonna ask for a reduction for her, anyway, because even though she wouldn't have applied for our district's adjustment before because of her high criminal-history category, there are some other balancing factors that I believe tip the scales. And I would have asked for that, anyway, because of some of her earlier cooperation.

SH Tr. 5. Later during the hearing, Movant's attorney made the following observations:

> Mr. Combs made reference to the fact that he was going to ask for a downward departure for Ms. Fournier, anyway. Without getting too specific, because we're in an open courtroom, I wanted to expound briefly on that. She had debriefed on a number of occasions, once prior to her initial arrest and then twice after. However, while in custody -- and I think it's clear in the presentence report she suffers from some depression and she's been on different medications -- because of some of that, she would vacillate on whether or not -- "okay, even though I've debriefed, I don't want to cooperate now, I just want to do my plea," and then she would vacillate back, "okay, I do want to cooperate." So Mr. Combs has been upfront and honest about it from the beginning. But she doesn't qualify for a 5K1 because of her vacillation, going back and forth. And so that's why he communicated about this reduction, which I greatly appreciate. However, he has made it available to her going forward, that if she were to cooperate down the road or follow through with some of the stuff they needed, a Rule 35 may be open to her. I just wanted to put that on the record and make everybody aware so that if she does come back, that's what we're gonna do.

SH Tr. 7-8. Mr. Combs then observed that she was precluded from receiving a substantial assistance credit because she had vacillated; nonetheless, he was going to ask for a two-level reduction because "she's cooperated so extensively." SH Tr. 13. He asked that she be "sentenced at the bottom of the applicable guideline range of -- the newly calculated range of 151 months." *Id.* The Court accepted the recommendation of the Government and sentenced her to 151 months of imprisonment.

The Government appropriately observed that a guilty plea may be invalid if induced by unkept promises from counsel. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). In the present case, there is nothing in the record that supports an inference that Movant pled guilty based on a promise to receive a reduction in her sentence based on substantial assistance. The letter Movant received from her attorney after she pled guilty noted that Mr. Combs had stated that had "already earned a 5(k)(1) worth one third off [her] sentence." His statement, however, must be read in the overall context of the letter. The letter made it clear that her cooperation was ongoing. There is

nothing in the record that supports an inference that counsel misled her or that her guilty plea was induced by unkept promises. She has not shown that her attorney's representation was deficient in this matter. By the time of the sentencing hearing, she was not entitled to a reduction based on substantial assistance because she had vacillated; nonetheless, Mr. Combs recommended a reduction in her sentence to the bottom of the newly calculated range because of the extensive cooperation she had provided to the Government. She was sentenced to 151 months of imprisonment, as opposed to the guideline range of 188 to 235 months as recommended in the PSI. Based on the sentence she received for extensive cooperation, Movant cannot show that she was prejudiced in this matter. Moreover, she cannot shown she was prejudiced due to any type of deficient representation that counsel may have provided on this issue. Movant has not shown that she is entitled to relief based on her first ineffective assistance of counsel claim. The first ineffective assistance of counsel claim lacks merit.

In her next ineffective assistance of counsel claim, Movant claims that her attorney failed to ensure that she was held responsible for the right amount of cocaine. In support of the claim, she observed that the indictment holds her accountable for 28 grams of cocaine base, which has a base offense level of 24. She complains that counsel insisted that she sign the plea agreement holding her accountable for the entire scope of the conspiracy, which gave her a base offense level of 34. She argues that counsel was ineffective for failing to object to the erroneous base offense level contained in the plea agreement. She again argued that counsel failed to ensure that she was held responsible for the right amount of cocaine.

The Government appropriately observed that Movant was charged and convicted of being involved in a drug conspiracy. Under the guidelines, "the offense level of a defendant convicted of a drug offense is determined by the quantity of drugs involved. This quantity includes both drugs with which the defendant was directly involved, and the drugs that can be attributed to the defendant in a

conspiracy." *United States v. Puig-Infante*, 19 F.3d 929, 942 (5th Cir. 1994). A court may make approximation of the amount of drugs reasonably foreseeable to each defendant, and an individual dealing in large quantities of controlled substances is presumed to recognize that the drug organization with which he or she deals extends beyond his or her "universe of involvement." *Id.* When calculating the amount of drugs foreseeable to a defendant, the sentencing court may consider the defendant's relationship with co-conspirators and his or her role in the conspiracy. *Id.* "In arriving at this estimate the court may consider any information that has 'sufficient indicia of reliability to support its probable accuracy.'" *Id.* (citing *United States v. Thomas*, 963 F.2d 63, 64-65 (5th Cir. 1992)).

In the present case, the indictment stated that Movant was responsible for "28 grams or more" of cocaine base. It was not limited to 28 grams. In her plea agreement and change of plea hearing, she specified that she was responsible for 840 grams of cocaine base. Plea Agreement ¶ 5(a); PH Tr. 11-12. When she pled guilty, she acknowledged that she was stipulating to 840 grams of more of a mixture or substance containing a detectable amount of cocaine and its corresponding base offense level of 38. PH Tr. 12. She immediately thereafter confirmed that her plea was freely and voluntarily made and that no one had forced her, threatened her or made any promises to her, other than what was included in the plea agreement. PH Tr. 12-13. Finally, the PSI calculated her offense level by holding her responsible for the 840 grams of cocaine to which she had agreed. PSI ¶ 12.

The Government persuasively argued that Movant cannot satisfy the *Strickland* prejudice prong based on the amount of cocaine to which she had agreed. Indeed, because she cannot satisfy the prejudice prong, her second ineffective assistance of counsel claim lacks merit and must be rejected.

Movant finally alleges that her attorney was ineffective because he did not move to challenge the indictment based on the difference in the amount of cocaine listed in the indictment and the amount listed in the plea agreement. The indictment, however, charged her with "28 grams or more" of

7

cocaine base. It was not limited to 28 grams. The Government appropriately observed that a defendant cannot make a case for ineffective assistance of counsel by making conclusory allegations that counsel failed to file motions, make objections, or follow the defendant's instructions. *United States v. Demik*, 498 F.3d 644, 647 (5th Cir. 2007). Movant stipulated to 840 grams or more of cocaine and the indictment charged her with 28 grams or more of cocaine. There was no inconsistency. Any challenge raised by counsel based on these facts would have been frivolous. This ineffective assistance of counsel claim, like the previous two claims, lacks merit.

Overall, Movant has not shown that ineffective assistance of counsel directly affected the validity of that waiver or the plea itself. The waiver should be enforced.

Movant argued in her third ground for relief that the trial court violated her right to due process when it adopted the PSI when there was insufficient indicia of reliability. The Government appropriately argued that the claim is barred by the waiver. Furthermore, non-constitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings. *United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994). A district court's technical application of the federal sentencing guidelines does not give rise to constitutional issues. *Id.* Movant is not entitled to collateral relief based on her third ground for relief.

In conclusion, Movant's various ineffective assistance of counsel claims lack merit and her remaining claim is barred from collateral review. The motion to vacate, set aside or correct the sentence should be denied.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended

that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the court find that Movant is not entitled to a certificate of appealability as to the claims raised.

Recommendation

It is accordingly recommended that Movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 be denied and the case be dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 28th day of January, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE